United States District Court
Northern District of New York

_____

J.B. et al.,

                     Plaintiff,

     V

Onondaga County et al.,

                     Defendants.

_____

Civil Action No. 5:19-cv-00137-LEK-TWD

Answer to Complaint

Demand for Jury Trial

      Onondaga County, Ryan McMahon, and Eugene Conway (defendants), as an answer to the 1 February 2019 complaint of J.B., J.M., and all others similarly situated (plaintiffs), state:

      1.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 1, 2, 3, and 4 of the complaint.

      2. Defendants deny the allegations of paragraph numbered 5 of the complaint that defendants have violated and continue to violate plaintiffs' rights, and that policies and practices of defendants are unconstitutional.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 5 of the complaint.

      3.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 6 and 7 of the complaint.

      4. Defendants admit the allegations of paragraph numbered 8 of the complaint that Eugene Conway (Conway) is the sheriff of Onondaga County (County), that Conway is the head of the sheriff's office, and that Conway is an elected official.  Defendants deny the allegations of paragraph numbered 8 of the complaint that Conway is involved in authorizing and maintaining unconstitutional policies and customs.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 8 of the complaint.

5. Defendants admit the allegations of paragraph numbered 9 of the complaint that Ryan McMahon (McMahon) is the chief executive of County. Defendants deny the allegations of paragraph numbered 9 of the complaint that McMahon is involved in authorizing, maintaining, and enforcing unconstitutional policies and customs. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 9 of the complaint.

6. Defendants admit the allegations of paragraph numbered 10 of the complaint that County is a municipal corporation and a political subdivision of the State of New York and that County owns the criminal courthouse. Defendants deny the allegations of paragraph numbered 10 of the complaint that County is responsible for promulgating and enforcing unconstitutional policies and customs. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 10 of the complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 11, 12, 13, 14, 15, and 16 of the complaint.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations between paragraphs numbered 16 and 17 of the complaint that full and open communication is critical in developing a successful attorney-client relationship.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 17, 18, 19, 20, and 21, and footnote numbered 1, of the complaint.

10.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 22 and 23 of the complaint.

11.  Defendants deny the allegations between paragraphs numbered 23 and 24 of the complaint that defendants' unconstitutional policies deny teenagers access to counsel.

12.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 24, 25, 26, and 27 of the complaint.

13. Defendants admit the allegations of paragraph numbered 28 of the complaint that Conway's deputies transport teenagers from Hillbrook for court appearances.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 28 of the complaint.

14. Defendants admit the allegations of paragraph numbered 29 of the complaint that teenagers transported by Conway's deputies are shackled.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 29 of the complaint.

15.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 30 and 31 of the complaint.

16.  Defendants deny the allegations between paragraphs numbered 31 and 32 of the complaint that defendants' policies result in an unreasonable burden to plaintiffs' ability to communicate with their attorneys and strike at the heart of the right to counsel.

17. Defendants admit the allegations of paragraph numbered 32 of the complaint that guidelines for the state's court facilities state, "[f]unctions require a considerable degree of confidentiality—such as . . . attorney/defendant interviews . . .—should be housed in private rooms."  Defendants deny all other allegations of paragraph numbered 32 of the complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42, and footnotes numbered 2 and 3, of the complaint.

19.  Defendants deny the allegations of paragraph numbered 43 of the complaint.

20.  Defendants admit the allegations of paragraph numbered 44 of the complaint.

21.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 of the complaint.

22. Defendants deny the allegations of paragraph numbered 68 of the complaint that defendants' policies are unconstitutional.  Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph numbered 68 of the complaint.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 69, 70, 71, and 72 of the complaint.

24.  Defendants deny the allegations of paragraph numbered 73 of the complaint.

First Defense

25. The complaint is not the short and plain statement of plaintiffs' claim required by Federal Rules of Civil Procedure rule 8 (a) (2).

Second Defense

26. The allegations of paragraphs numbered 1, 4, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 30, 34, 35, 36, 38, 39, 40, 41, 42, 48, 49, 51, 52, 54, 55, 56, 58, 60, 61, 62, 65, 66, 67, and 69 of the complaint, the allegations between paragraphs numbered 16 and 17 of the complaint that full and open communication is critical in developing a successful attorney-client relationship, the allegations between paragraphs numbered 31 and 32 of the complaint that defendants' policies result in an unreasonable burden to plaintiffs' ability to communicate with their attorneys and strike at the heart of the right to counsel, and the allegations of footnotes numbered 1, 2, and 3 of the complaint are redundant, immaterial, or impertinent.

Third Defense

27. McMahon in his official capacity has not a legal identity different from County.

28. Plaintiffs' claims against McMahon in his official capacity are duplicative of plaintiffs' claims against County.

Fourth Defense

29. Conway in his official capacity has not a legal identity different from County.

30. Plaintiffs' claims against Conway in his official capacity are duplicative of plaintiffs' claims against County.

Fifth Defense

31. Any act or omission of defendants was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

32. Defendants are immune from plaintiffs' claims arising out of defendants' reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function.

Sixth Defense

33. A notice of plaintiffs' claims of personal injury or damage to property by reason of the negligence or wrongful act of defendants has not been made and served on County within 90 days after such claims arose.

34. A condition precedent to the prosecution or maintenance of plaintiffs' claims of personal injury or damage to property by reason of the negligence or wrongful act of defendants has not occurred.

Seventh Defense

35. A notice of plaintiffs' claims of damage, injury, invasion of rights, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendants has not been made and served on County within 90 days after such claims arose.

36. A condition precedent to the prosecution or maintenance of plaintiffs' claims of damage, injury, invasion of rights, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendant has not occurred.

Eighth Defense

37. It does not appear by and as an allegation of the complaint that at least 30 days have elapsed since the service on County of a notice of plaintiffs' claims of personal injury or damage to property by reason of the negligence or wrongful act of defendants, and that adjustment or payment thereof has been neglected or refused.

38. A condition precedent to the prosecution or maintenance of plaintiffs' claims of personal injury or damage to property by reason of the negligence or wrongful act of defendants has not occurred.

### Ninth Defense

39. It does not appear by and as an allegation of the complaint that at least 30 days have elapsed since the service on County of a notice of plaintiff's claims of damage, injury, invasion of rights, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendants, and that adjustment or payment thereof has been neglected or refused.

40. A condition precedent to the prosecution or maintenance of plaintiff's claims of damage, injury, invasion of rights, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendants has not occurred.

### Tenth Defense

41. The state's criminal procedure law prohibits Conway's detaining plaintiffs in any place used for adults convicted of a crime or under arrest and charged with the commission of a crime.

42 The state's correction law requires Conway's maintaining uninterrupted personal visual observation of plaintiffs from a post in close proximity to plaintiffs which provides a continuous clear view of plaintiffs and the ability to immediately and directly intervene in response to a situation or behavior which threatens the safety, security, or health of plaintiffs or others.

43. The facilities of the criminal courthouse, the judicial use of the criminal courthouse, and the judicial business conducted in the criminal courthouse are part of the state's unified court system.

44. The administration and operation of the unified court system is supervised wholly and solely by the state's chief administrator of the courts.

45. The chief administrator does not supervise the administration and operation of the unified court system so as to provide any place not used for adults convicted of a crime or under arrest and charged with the commission of a crime that permits Conway's maintaining uninterrupted personal visual observation of plaintiffs from a post in close proximity to plaintiffs which provides a continuous clear view of plaintiffs and the ability to immediately and directly intervene in response to a situation or behavior which threatens the safety, security, or health of plaintiffs or others.

46. The chief administrator claims an interest relating to the subject of plaintiffs' action and is so situated that disposing of plaintiffs' action in the chief administrator's absence may as a practical matter impair or impede the chief administrator's ability to protect the interest or leave defendants subject to substantial risk of incurring multiple or inconsistent obligations because of the interest.

47. The chief administrator must be joined as a party to plaintiffs' action.

Demand for Relief

48. Defendants demand a judgment dismissing the complaint as not the short and plain statement of plaintiffs' claim required by Federal Rules of Civil Procedure rule 8 (a) (2).

49. Defendants demand a judgment striking the allegations of paragraphs numbered 1, 4, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 30, 34, 35, 36, 38, 39, 40, 41, 42, 48, 49, 51, 52, 54, 55, 56,

58, 60, 61, 62, 65, 66, 67, and 69 of the complaint, the allegations the allegations between paragraphs numbered 16 and 17 of the complaint that full and open communication is critical in developing a successful attorney-client relationship, the allegations between paragraphs numbered 31 and 32 of the complaint that defendants' policies result in an unreasonable burden to plaintiffs' ability to communicate with their attorneys and strike at the heart of the right to counsel, and the allegations of footnotes numbered 1, 2, and 3 of the complaint as redundant, immaterial, or impertinent.

50. Defendants demand a judgment dismissing plaintiffs' claims against McMahon in his official capacity as duplicative of plaintiffs' claims against County.

51. Defendants demand a judgment dismissing plaintiffs' claims against Conway in his official capacity as duplicative of plaintiffs' claims against County.

52. Defendants demand a judgment dismissing plaintiffs' claims arising out of defendants' reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function as defendants are immune from such claims.

53. Defendants demand a judgment dismissing plaintiffs' claims of personal injury or damage to property by reason of the negligence or wrongful act of defendants for want of the occurrences of two conditions precedent to the prosecution or maintenance of such claims.

54. Defendants demand a judgment dismissing plaintiffs' claims of damage, injury, invasion of rights, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendants for want of the occurrences of two conditions precedent to the prosecution or maintenance of such claims.

55. Defendants demand a judgment dismissing the complaint as the chief administrator has not been joined as a party to plaintiffs' action.

56. Defendants demand a judgment for costs, including a reasonable attorney's fee.

Dated:  25 February 2019

s/ John E. Heisler Jr.
Bar Number: 301476
Attorney for Defendants
County of Onondaga Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, NY 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
Email: johnheislerjr@ongov.net