UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J.B., *et al.*

                       Plaintiffs,

    -against-                                5:19-CV-0137 (LEK/TWD)

Onondaga County, *et al.*,

                       Defendants.
_____

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs are teenagers involved in criminal cases being handled at the "Youth Part" of the Syracuse City Courthouse (the "Courthouse"). On February 1, 2019, they brought this case against Onandaga County, its County Executive, and its County Sheriff, challenging the Sheriff's Office's practice of having a law enforcement officer in the room whenever adolescent and juvenile offenders meet with their attorneys in the Courthouse before their arraignments and subsequent court appearances. Dkt. No. 1 ("Complaint"). Plaintiffs assert that the failure to allow them to meet privately with their attorneys in the Courthouse before these hearings violates their Sixth Amendment right to the effective assistance of counsel. Id. ¶ 73. They seek to represent "a class of all adolescent and juvenile offenders, as the terms are defined under New York State Law, who are now, or will be, in the custody of law enforcement and appear before the designated Onondaga County Youth Part." Id. ¶ 70.

On April 16, 2019, Plaintiffs moved for a preliminary injunction. Dkt. No. 12

("Preliminary Injunction Motion"). They request that the Court enjoin the Sheriff's "deputies and staff from being present in the interview room during Plaintiffs' attorney-client meetings at their appearances in the Youth Part for Onondaga County," and that it enjoin the County Executive "to make a private and confidential space available in the City of Syracuse Criminal Courthouse for attorney-client meetings that take place at appearances in the Youth Part for Onondaga County." Id. at 1. In response, Defendants argue: (1) that having a deputy in the room during attorney-client meetings in the Courthouse is constitutional; and (2) the chief administrator of the state courts, not Defendants, is responsible for providing suitable attorney-client meeting spaces in the courthouse. Defs' Mem. at 3–4, 6.

Defendants also state that New York "[S]tate's correction law requires the sheriff to maintain constant supervision of the plaintiffs while the plaintiffs are being transported to the youth part and detained in the courthouse for arraignments and other appearances," meaning that his deputies must be present in the interview rooms. Id. at 5 (citing 9 N.Y. Comp. Codes R. & Regs. § 7003 *et seq*.). Plaintiffs dispute that these regulations apply to them, "as [they] are not held, or transported from, county jails" but rather from "specialized juvenile detention facilities" governed by different regulations. Dkt. No. 18 ("Reply") at 6 n. 1 (citing 9 N.Y. Comp. Codes R. & Regs. § 7306). In any event, they invoke "the supremacy clause of the Constitution" to argue that even if state regulations required Defendants to keep law enforcement officers in the room during courthouse attorney-client interviews, it would be unconstitutional to comply with those regulations, and Defendants could be enjoined from doing so. Id. at 7.

## II.     DISCUSSION

In other words, Defendants argue that the practice Plaintiffs challenge is required by state

law, and that a state official—the chief administrator of the New York Courts—is responsible for any constitutional violation if one exists. Plaintiffs, in effect, respond that if state law requires the challenged practice, that state law is unconstitutional as applied to Plaintiff's Courthouse meetings with counsel. Under 28 U.S.C. § 2403(b),

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

Under Rule 5.1(b) of the Federal Rules of Civil Procedure, the Court "must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." "Unless the court sets a later time, the attorney general may intervene within 60 days after . . . the court certifies the challenge." Fed. R. Civ. P. 5.1(c). In this case, the parties' papers have raised the questions (1) whether 9 N.Y. Comp. Codes R. & Regs. § 7003 *et seq*. require law enforcement officers to stay in the room with juvenile and adolescent offenders, and visually observe them, while they meet with their attorneys in the Courthouse before arraignments and subsequent court appearances; and (2) whether that requirement (if it exists) is consistent with the Sixth Amendment.

Even if, as Plaintiffs argue, the constitutionality of requirements under 9 N.Y. Comp. Codes R. & Regs. § 7003 *et seq*. has not been drawn into question because those regulations do not apply to Plaintiffs, "[d]istrict courts have broad discretion to permit or deny the appearance of amici curiae in a given case." United States v. Yaroshenko, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015); see also Whitehaven S.F., LLC v. Spangler, 633 F. App'x 544, 547 (2d Cir. 2015)

3

(encouraging district courts to invite the New York Attorney General's views on certain issues as a "good practice that will facilitate informed decisions").

Accordingly, the Court finds it appropriate to notify the New York Attorney General of the questions raised in this case and give her the opportunity to intervene. In any event, the Court finds that the Attorney General's views on the issues raised in this case would facilitate informed judicial decision-making and respect New York's interest in the fair and efficient operation of its criminal justice system. It therefore requests that the New York Attorney General file a brief concerning the pending Preliminary Injunction Motion.

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the New York Attorney General shall, within one week of the filing date of this Order, file a letter stating: (1) whether she has decided to seek to intervene in this case; and (2) whether she accepts the Court's invitation to file a brief concerning the Preliminary Injunction Motion. If the Attorney General accepts the Court's invitation, she shall confer with the parties and, considering the alleged urgency of Plaintiff's preliminary injunction request, set prompt deadlines for her brief and the parties' responses. She shall propose those deadlines to the Court in her letter or as promptly as possible, but no later than two business days, after filing the letter.

**ORDERED**, that the Clerk shall serve a copy of the Complaint and this Decision and Order on the New York Attorney General or her authorized designee, Empire State Plaza, Justice Building, 2nd Floor, Albany, New York, 12224.

**IT IS SO ORDERED.**

Dated:      June 06, 2019
            Albany, New York

_Lawrence E. Kahn_
U.S. District Judge