UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

J.B., a minor, by and through her parent and
natural guardian Tereia Duff, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

   -against-                                 5:19-CV-137 (LEK/TWD)

Onondaga County, *et al.*,

                Defendants.

## <u>DECISION AND ORDER</u>

**I.   INTRODUCTION**

Currently before the Court is the parties' joint motion for final approval of a class-action settlement filed pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(2). Dkt. No. 46 ("Final Settlement Motion"). For the following reasons, the Court grants the motion and approves the settlement.

**II.   DISCUSSION**

   **A. Background**

The Court described in detail the facts of this case in its August 12, 2019 Memorandum-Decision and Order certifying the class and granting Plaintiffs' motion for a preliminary injunction. Dkt. No. 34 ("August MDO").[1] The Court therefore assumes the parties' familiarity with those facts.

---

[1] The August MDO is also available as <u>J.B. v. Onondaga Cty.</u>, 401 F. Supp. 3d 320 (N.D.N.Y. 2019).

After the Court issued its August MDO, the parties negotiated a settlement. Dkt. No. 42. On October 28, 2019, the parties jointly moved for preliminary approval of that settlement. Dkt. Nos. 43 ("Preliminary Settlement Motion"); 43-1 ("Settlement Agreement"). The key terms of the Settlement Agreement are as follows:

- Onondaga County must ensure the physical space of its courthouse includes rooms for juvenile defendants to meet with their defense attorneys before and/or after court appearances;

- Onondaga County cannot equip any of the rooms made available for attorney consultations with audio or visual recording equipment;

- No member of the Sheriff's Office can be present in the room while a defendant consults with their defense attorney, and the Sheriff's Office cannot unreasonably burden consultation with a defense attorney;

- The Court shall retain jurisdiction over the Agreement in order to enforce it as necessary; and

- Defendants will pay Plaintiffs' Counsel the sum of $42,600 as attorneys' fees and costs.

On November 5, 2019, the Court granted the Preliminary Settlement Motion, finding that the Settlement Agreement was "fair, reasonable and adequate to the class and subclass," subject to further consideration at a fairness hearing, and ordered Defendants to distribute notice of the settlement to the class. Dkt. No. 44 ("Preliminary Settlement Order"). Defendants distributed notice as required by the Preliminary Settlement Order. Dkt. No. 45 ("Heisler Declaration").

On January 16, 2020, the Court held a fairness hearing at the James T. Foley Federal Courthouse in Albany, New York. Dkt. No. 47. No objections to the Settlement Agreement were made prior to or at that hearing. Id.

### B. Review of the Settlement Agreement

Under FRCP 23(e), "[a]court may approve a class action settlement if it is fair, adequate, and reasonable, and not a product of collusion. A court determines a settlement's fairness by

2

looking at both the settlement's terms and the negotiating process leading to settlement." Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005) (citations and internal quotation marks omitted); see also McReynolds v. Richards-Cantave, 588 F.3d 790, 803–04 (2d Cir. 2009) (applying the standard articulated in Wal-Mart to an FRCP 23(b)(2) class action settlement). Where a settlement has been "reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery," a "presumption of fairness, adequacy, and reasonableness may attach." Wal-Mart, 396 F.3d at 116 (citation and internal quotation marks omitted). Here, the Settlement Agreement satisfies the standard for final approval because it is both substantively and procedurally fair.

*1. Substantive Fairness*

The Second Circuit has identified nine factors to consider in assessing the fairness of a proposed settlement. Wal-Mart, 396 F.3d at 117 (citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974)). As this Rule 23(b)(2) class settlement does not seek damages for the class, only five of the nine factors are relevant here: 1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of maintaining the class action through the trial; and (5) the reaction of the class to the settlement. See id.; see also Peoples v. Annucci, 180 F. Supp. 3d 294, 308 (S.D.N.Y. 2016) (recognizing that the remaining Grinnell factors do not apply to settlements that do not include monetary damages). The Court finds that these factors weigh in favor of approving the Settlement Agreement.

First, this case involves complex constitutional claims. Had this case continued to litigation, the trial would likely be lengthy, complex, and require substantial resources. The Settlement Agreement ensures relief for the class without incurring unnecessary expenses.

Second, although formal discovery had not yet begun, none of the material facts are disputed by the parties. Therefore, counsel had "adequate appreciation of the merits" of their case prior to negotiating the Settlement Agreement. See Hanifin v. Accurate Inventory & Calculating Serv., Inc., 11-CV-1510, 2014 WL 4352060, at *5 (N.D.N.Y. Aug. 20, 2014) (when assessing the discovery factor, "[t]he proper question is whether counsel had an adequate appreciation of the merits of the case before negotiating."). Third, "[l]itigation inherently involves risks," Hanifin, 2014 WL 4352060, at *6, especially in complex civil rights suits. The Settlement Agreement ensures meaningful relief to the class while avoiding those risks. Fourth, class "decertification is always possible as a case progresses and additional facts are developed," Wal-Mart, 396 F.3d at 119 n.24, and settlement protects against that outcome.

The final factor, the reaction of the class members, "is perhaps the most significant factor to be weighed in considering [a settlement's] adequacy." Chavarria v. N.Y. Airport Serv., LLC, 875 F. Supp. 2d 164, 173 (E.D.N.Y. 2012). "If only a small number of objections [to the class settlement] are received, that fact can be viewed as indicative of the adequacy of the settlement." Wal-Mart, 396 F.3d at 118. Here, the parties gave ample notice of the settlement to the class. See Heisler Decl. No objections to the Settlement Agreement were filed with the court, none were mailed to class counsel, see Dkt. No. 46-2, and none were made at the January 16, 2020 fairness hearing. Therefore, the Court finds that this factor too supports approving the settlement.

### 2. Procedural Fairness

A settlement is entitled to a presumption of fairness, adequacy, and reasonableness if the settlement is "reached in arm's-length negotiations between experienced, capable counsel . . . ." Wal-Mart, 396 F.3d at 116 (citations and internal quotation marks omitted); see also Malchman v. Davis, 706 F.2d 426, 433 (2d Cir. 1983) (noting that the negotiation process should be

4

examined in light of the experience of counsel, the vigor with which the case was prosecuted, and whether any coercion or collusion may have marred the negotiations). The negotiations in this case meet this standard. Both parties' counsel have significant experience. See Dkt. No. 43-4 ("Cotter Declaration") ¶¶ 11–12. The parties exchanged several draft agreements and counsel zealously represented their clients' interests during negotiations. See id. ¶¶ 8, 12. Both parties were in possession of the relevant facts, and there is no evidence of collusion. As the product of such negotiations, the Settlement Agreement is procedurally fair.

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Settlement Agreement (Dkt. No. 43-1) is **APPROVED** as fair, adequate, and reasonable under Federal Rule of Civil Procedure 23; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the local rules.

**IT IS SO ORDERED.**

DATED:   January 23, 2020
         Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge